UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

THOMAS R. PREVIGLIAN,   25-CR-13 (JLS) (JJM)

Defendant.

---

### DECISION AND ORDER

Defendant Thomas R. Previglian is charged in a one-count indictment with possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) based on a search that occurred on September 9, 2024. See Dkt. 15. The case has been referred to United States Magistrate Judge Jeremiah J. McCarthy to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 17.[1]

On March 31, 2025, Defendant filed an omnibus pretrial motion seeking, among other things, suppression of evidence and disclosure of grand jury minutes. See Dkt. 28.[2] The government opposed the omnibus motion and cross-moved for reciprocal discovery. Dkt 30.

On June 16, 2025, Judge McCarthy issued a Report, Recommendation, and Order ("R&R"). Dkt. 38. As relevant here, he recommended that Defendant's

---

[1] Defendant was originally charged in a criminal complaint signed by Judge McCarthy on October 22, 2024. See Dkt. 1.

[2] Unless otherwise noted, page numbers refer to the CM/ECF generated numbering in the header of each page.

motion to suppress evidence be denied. *Id.* at 9. He also granted Defendant's motion for inspection of grand jury minutes "to the extent of an *in camera* inspection," but otherwise denied the motion. *Id.*

Both parties filed objections. *See* Dkt. 45 (government); Dkt. 47 (Defendant). In particular, the government objects to Judge McCarthy's decision regarding disclosure of grand jury material, arguing that Defendant "has not met his burden for a 'particularized need' in order to justify a review of grand jury minutes, even *in camera*." Dkt. 45 at 5. Defendant objects to Judge McCarthy's recommendation to deny his suppression motion. *See* Dkt. 47. Both sides opposed the other's objections. *See* Dkt. 47 at 5-8; Dkt. 51.

## STANDARD OF REVIEW

A "district court reviews any specific objections to a report and recommendation on a dispositive issue, such as a motion to suppress, under a *de novo* standard." *United States v. Baker*, No. 6:21-CR-06042 EAW, 2022 WL 1497963, at *1 (W.D.N.Y. May 12, 2022) (citing Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1)).

Any "appeal from a non-dispositive decision by a magistrate judge," however, "is reviewed under a 'clearly erroneous or contrary to law' standard." *Id.* at 2 (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a)). Because "pretrial discovery matters are generally considered 'non-dispositive,' they are reviewed under this 'clearly erroneous' standard." *Wilson v. City of New York*, No. 06-CV-229 ARRVVP, 2007 WL 4565138, at *1 (E.D.N.Y. Dec. 21, 2007) (citing *Thomas E. Hoar, Inc. v.*

*Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990)). *See also United States v. Vendetti*, No. 10-CR-360, 2013 WL 5522434, at *9 (W.D.N.Y. Oct. 3, 2013) (applying "clearly erroneous or contrary to law" standard to appeal from magistrate judge's decision on motion to inspect grand jury minutes); *United States v. Trotter*, No. 24-CR-60-LJV, 2025 WL 2218353, at *4 (W.D.N.Y. Aug. 5, 2025) (same).

A "finding is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Feneziani*, No. 05-CR-290E, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007) (quoting *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006)).

## ANALYSIS

This Court has carefully reviewed the R&R, the objections briefing, and the record in this case. Based on that review, the Court accepts and adopts Judge McCarthy's recommendation to deny Defendant's suppression motion.

The Court, however, sustains the government's objection as to disclosure of grand jury materials. The "law of this circuit is clear that, once a proceeding falls under [Fed. R. Crim. P.] 6(e), it receives a presumption of secrecy and closure." *In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996) (citing *United States v. Moten*, 582 F.2d 654, 662 (2d Cir. 1978)). This "presumption is rebuttable." *Id.* The "burden is on the party seeking disclosure to show a particularized need that outweighs the need for secrecy." *Id.* (internal citation omitted). A "party makes a showing of particularized need by proving 'that the material they seek is needed to

3

avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *Id.* (quoting *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979)).

Here, Defendant fails to demonstrate a "particularized need" to disclose grand jury materials. Defendant argues that he is alleged to have possessed 284 grams of fentanyl—but that quantity is "grossly inaccurate" in light of a DEA lab report "confirm[ing] that this offense involves only 30 grams of fentanyl." *See* Dkt. 47 at 7. He maintains that the drug weight is "the primary (if not lone) piece of evidence to present to a grand jury for the distribution element of the offense . . . ." *Id.* As such, he believes that "[i]n camera inspection of the grand jury minutes is in the interests of justice and necessary to avoid the injustice of prosecution by determining whether false evidence of an essential element of the offense charged was presented to the grand jury." *Id.* at 7-8.

The Court disagrees. As recognized in the R&R, "possession of 30 grams of fentanyl-containing substance is [not] necessarily insufficient to show intent to distribute." *See* Dkt. 38 at 7. Moreover, the DEA lab report indicates the presence of quinine in the sample—which is a known cutting agent used for drug trafficking. *See* Dkt. 28-2 at 2. These facts together require this result. On this record, there is not enough to conclude that disclosure of grand jury materials "is needed to avoid a possible injustice in another judicial proceeding" or that "that the need for

disclosure is greater than the need for continued secrecy." *See Douglas Oil Co.*, 441 U.S. at 222.

## CONCLUSION

For the reasons above and in the R&R, Defendant's motion to suppress evidence is DENIED. Defendant's motion for inspection of grant jury minutes is DENIED. The R&R is otherwise AFFIRMED.

Dated:   September 16, 2025
         Buffalo, New York

                                            JOHN L. SINATRA, JR.
                                            UNITED STATES DISTRICT JUDGE